UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

ALAUNA JOHNSON,

      **Plaintiff,**

v.

**COMCAST CABLE
COMMUNICATIONS
MANAGEMENT, LLC,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **ALAUNA JOHNSON**, by and through undersigned counsel, brings this action against Defendant, **COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC**, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.      This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3.      Venue is proper in the Southern District of Florida, Ft. Lauderdale Division, because all of the events giving rise to these claims occurred in Broward County, Florida with venue located in this Court.

**PARTIES**

4.      Plaintiff is a resident of Broward County, Florida, and during all times material and relevant hereto, Plaintiff worked for Defendant at its office location in Broward County, Florida.

5.      Defendant is a foreign limited liability company conducting business in the State of Florida and operates its business in Broward County, Florida.

**GENERAL ALLEGATIONS**

6.      This is an action to recover damages suffered by Plaintiff when Defendant unlawfully interfered with Plaintiff's rights under the FMLA <u>and</u> when Defendant unlawfully retaliated against Plaintiff for exercising her rights under the FMLA.

7.      Defendant was Plaintiff's "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

8.      Plaintiff was Defendant's "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9.      Defendant acted through its officers, directors, employees, agents, servants and/or representatives at all times during the Plaintiff's employment with the Defendant.

10.     Plaintiff has satisfied all conditions precedent, or they have been waived.

11.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12.     Plaintiff requests a jury trial for all issues so triable.

**FACTS**

13.     Plaintiff began working for Defendant as a sales representative in or around September 2018.

14.     During Plaintiff's tenure with Defendant, Plaintiff satisfactorily performed the essential duties of her position.

15.     In or around October 2019, Plaintiff properly applied for and was approved for intermittent FMLA leave to care for her mother who was suffering from a serious health condition within the meaning of the FMLA.

16.     Defendant immediately started to interfere with Plaintiff's exercise of her rights under the FMLA to care for her mother, including without limitation, (i) Defendant's supervisor, Nicole Alanzo, would contact other employees who worked for Defendant to determine whether Plaintiff's mother actually suffered from a serious health condition, even though Plaintiff submitted the required medical certification documentation which was approved by Defendant's third-party FMLA administrator for Plaintiff's intermittent FMLA leave to care for her mother and (ii) Ms. Alanzo and one of Defendant's human resources representatives, Janika Bridges, called Plaintiff into meeting whereby Ms. Alanzo and Ms. Bridges berated Plaintiff for exercising her rights under the FMLA and claiming that Plaintiff was lying regarding her mother's serious health condition, even though Plaintiff submitted the required medical certification documentation which was approved by Defendant's third-party FMLA administrator for Plaintiff's intermittent FMLA to care for her mother.

17.     Based on Defendant's unlawful conduct in violation of the FMLA described in paragraph 16 above, Plaintiff promptly objected and complained about Defendant's unlawful conduct in violation of the FMLA to another of Defendant's human resources representatives,

Luis Bertot, on two different occasions, including on one occasion Plaintiff being accompanied by one of the employees who Ms. Alanzo was questioning about Plaintiff's mother's serious health condition.

18.     Defendant took no corrective or remedial actions to stop Defendant's unlawful conduct in violation of the FMLA against Plaintiff.

19.     In part due to Defendant's unlawful conduct in violation of the FMLA described in paragraph 16 above, Plaintiff was suffering from her own serious health condition relating to stress and anxiety.

20.     Due to the Plaintiff's serious health condition, in or around December 2019, Plaintiff properly applied for and was approved for continuous FMLA leave to care for herself with a schedule return to work date of January 27, 2020.

21.     During Plaintiff's continuous FMLA leave, Ms. Alanzo continued to unlawfully interfere with Plaintiff's exercise of her rights under the FMLA, including without limitation, harassing Plaintiff by contacting Plaintiff on a regular basis, including without limitation, to continue to harass Plaintiff regarding her mother's serious health condition, even though Ms. Alanzo knew Plaintiff was on continuous FMLA leave due to her severe stress and anxiety.

22.     Based on Ms. Alanzo's unlawful interference while Plaintiff was on continuous FMLA leave, Plaintiff objected and complained to Ms. Alanzo regarding Ms. Alanzo unlawful conduct in violation of the FMLA.

23.     In violation of the FMLA, based on Plaintiff's objections and complaints to Defendant's unlawful conduct in violation of the FMLA, Defendant unlawfully retaliated against Plaintiff by terminating Plaintiff's employment with Defendant effective January 3, 2020, while Plaintiff was still on approved continuous FMLA leave.

24.     Defendant's violations of the FMLA were willful and done with malice.

## COUNT I – FMLA INTERFERENCE

25.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as fully set forth herein.

26.     Plaintiff required medical leave off from work to care for her mother and herself.

27.     Plaintiff properly applied and was approved for the required FMLA leave to care for her mother and herself.

28.     Notwithstanding, Plaintiff being approved for FMLA leave for her mother and herself, Defendant unlawfully interfered with Plaintiff's exercise of her rights under the FMLA as described herein.

29.     Defendant's actions were willful and done with malice.

30.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)     That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the

monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

(f)     Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

<u>**COUNT II – FMLA RETALIATION**</u>

31.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as fully set forth herein.

32.     Plaintiff required medical leave off from work to care for her mother and herself.

33.     Notwithstanding, Plaintiff being approved for FMLA leave for her mother and herself, Defendant unlawfully interfered with Plaintiff's exercise of her rights under the FMLA as described herein.

34.     Plaintiff exercised her rights by objecting to Defendant's violations of the FMLA.

35.     In retaliation her Plaintiff objecting to Defendant's violations of the FMLA, Defendant unlawfully retaliated against Plaintiff by terminating Plaintiff's employment effective January 3, 2020.

36.     Defendant's actions were willful and done with malice.

37.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a)    That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b)    An injunction restraining continued violation of the FMLA by Defendant;

(c)    Compensation for lost wages, benefits, and other remuneration;

(d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)    Front pay;

(f)    Liquidated Damages;

(g)    Compensatory damages, including emotional distress;

(h)    Prejudgment interest on all monetary recovery obtained;

(i)    All costs and attorney's fees incurred in prosecuting these claims; and

(j)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 3rd day of February, 2020.

Respectfully submitted,

**LUIS A. CABASSA, P.A.**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorney for Plaintiffs**

**and**

**SCOTT M. WEAVER**
Florida Bar Number: 573221
**THE WEAVER LAW FIRM, P.A.**
801 West Bay Dr., Suite 426
Largo, Florida 33770
Direct No. 727-316-5330
Facsímile: 727-499-7322
E-mail: scott@theweaverlawfirm.com
**Attorney for Plaintiff**